JOHN ADAMS *vs.* THE WOONSOCKET COMPANY.

A father whose minor daughter was employed by a manufacturing company, at a distance of many miles from his residence, forbade them to employ her any further, and gave them notice that if they should continue to employ her, he should demand $3·50 per week for her time and labor, without any deduction on any account whatever, and also directed them not to pay or allow her any thing, either goods or money, on account of her labor. *Held*, in an action of assumpsit by the father against the company, to recover pay for his daughter's labor subsequently done for them, that he was entitled to recover only so much as her labor was reasonably worth, deducting the price of board provided for her by them, without any deduction for clothing which they provided for her.

ASSUMPSIT for work and labor done for the defendants, by the plaintiff's daughter, from June 27th 1843 to July 18th 1844. The case was submitted to the court of common pleas, on the following statement of facts :

" The plaintiff's minor daughter, Ann Adams, worked in the factory of the defendants, in Rhode Island, during the time mentioned in the plaintiff's writ ; and the amount paid in the manner hereafter mentioned was what was allowed by the defendants to other persons for similar services. In August 1843, the plaintiff sent his son to forbid the defendants to employ his daughter, and they were accordingly forbidden, but continued to employ her, and refused to let her go. The son, by order of the father, also requested her to return home, but she declined. On the 5th of February 1844, the plaintiff gave to the defendants the following paper : ' Mr. Samuel Green, agent of the Woonsocket Company. Sir: You are hereby forbid further to employ, harbor, intrust, or in any manner to contract with my daughter, Ann Adams, a minor, under the age of 21 years; and I further notify you that I shall demand pay for her time, labor and services, if you continue, after this date, to keep or employ her in the manufacturing establishment of which you are agent, at the rate of $3·50 per week, for each and every week she so remains with you, without deduction on any account whatever, and payment of said Green to be made on Saturday night of each week, after this date, to my attorney, Simon Lynch, at his place of

business in Woonsocket Village; and you are further notified not to advance, pay, or allow to my said daughter, any thing, either goods or money, on account of her said work, or in payment thereof; as I have a home and every thing necessary of life provided for her.                 John Adams.'

" Lynch, mentioned in said paper, authorized the defendants to procure suitable board and clothing for the said Ann; and when she left the defendants' employment, she received the balance due to her.   The settlement was made thus:   The defendants allowed said Ann $3·50 per week from February 5th to July 18th 1844, amounting to $81·66; and they charged her for board and clothing, to June 22d, $44·25, and from June 22d to July 18th, $9·16, and $1, 'paid Lynch on settlement;' amounting to $54·51, and leaving a balance of $27·15.

" The plaintiff and his family came from Scotland, at the instance of the defendants, and were furnished with means by them, and at first entered into the defendants' employ. The plaintiff removed from Rhode Island to this county" (Hampden) " in June 1843."

On these facts, a judgment was rendered, by the court of common pleas, from which an appeal was taken to this court.

*H. Morris,* for the plaintiff.

*Norton,* for the defendants.

DEWEY, J.   The plaintiff, being entitled to the earnings and services of his minor daughter, may well maintain his action for the value of those services.   His right to remuneration will embrace the whole period from August 1843, when he gave the verbal notice to the defendants.   The notice of 5th February 1844 is more formal, and is in writing; but such written notice is not necessary to charge the defendants.

The compensation for the services is to be such sum as they were reasonably worth; and in this respect the same rule will apply, as well after as before 5th February 1844.   It is true that the plaintiff, in his written notice to the defendants, informed them that he should demand of them three dollars and fifty cents per week, without deduction on any

account whatever. But we do not suppose that it was competent for the plaintiff to fix the amount of compensation which the defendants would be liable to pay ; such notice, in a case like the present, is wholly ineffectual to charge the defendants in any particular sum. It was not like a case of interchange of propositions, by the parties, for the employment of the minor, where, upon one party's stating his terms, if the other acted upon them, he might afterwards be held to have assented to them. Here the plaintiff forbade the defendants to employ his daughter. There was no special contract, therefore, as to the amount of wages ; and in an action of assumpsit the plaintiff must rely upon the implied contract of the defendants to pay what the daughter's services were reasonably worth. If the defendants furnished her board, the sum to be recovered will be the value of the services of a person thus furnished with board by the employer. This seems reasonable, as the father could not have furnished board for her in his own family while she was thus in the employment of the defendants, he living at a distance from her. And it must be the proper rule in an action where the plaintiff waives the tort and sues upon an implied assumpsit.

The claim of the defendants for articles for clothing for the minor, we think, stands upon a different footing. The father might well object to the expenditure on his account of any money for clothing for his daughter. No deduction should be made on that account.

The only remaining inquiry is, whether the right of the plaintiff to maintain this action is barred by reason of the settlement with the defendants, alleged to have been made by Simon Lynch, as agent for the plaintiff. There is some apparent discrepancy in the statement of the parties, as to the facts upon that point. If Lynch had no other authority than that contained in the notice of 5th February, that was clearly insufficient to authorize the adjustment that was made by him. If he had authority independently of this, as he may have had, such settlement may bind the plaintiff. The parties disagree as to this fact, and the case will be sent to a jury

28*

to settle it, as well as to assess the damages in case the plain-tiff is not barred by the settlement.

The statement of facts is discharged, and the case remand-ed to the court of common pleas.